UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA R. H., | |
| Plaintiff, | CASE NO. 2:25-CV-1174-DWC |
| v. | ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's partial denial of her application for supplemental security income benefits ("SSI").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error. However, the parties disagree regarding whether this matter should be reversed and remanded for an award of benefits for the period of March 22, 2018, through March 21, 2023, or remanded for further administrative proceedings.

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

After considering the record, the Court finds Plaintiff has not demonstrated that extraordinary circumstances exist requiring remand with a direction to award benefits or that further administrative proceedings would not be useful. Therefore, the Court remands this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## I.      Factual and Procedural History

Plaintiff filed a claim for SSI on March 22, 2018, alleging disability beginning on October 14, 1997. Dkt. 7, Administrative Record ("AR") 205–20. Her application was denied at the initial level and on reconsideration. AR 95–133. After a hearing and unfavorable decision by an ALJ in 2019, Plaintiff appealed to this Court, which remanded the case pursuant to the parties' stipulation. AR 40–59, 60–94, 547–49, 550–52. Another hearing took place in 2022, followed by a second unfavorable decision denying benefits. AR 459–84, 493–519. On appeal to this Court, the parties again agreed to remand the case. AR 1128–33. Further hearings were held before an ALJ on September 10, 2024, and February 10, 2025. AR 1068–87, 1011–41. On March 27, 2025, the ALJ issued a partially favorable decision. AR 955–1016. The ALJ concluded Plaintiff was not disabled prior to March 21, 2023, but became disabled on that date and continued to be disabled through the date of the decision. AR 989. Plaintiff again appealed to this Court. *See* Dkts. 1, 4.

In the final decision dated March 27, 2025, the ALJ found Plaintiff had the severe impairments of degenerative disc disease, fibromyalgia, osteoarthritis, anxiety disorder, depressive disorder, and post-traumatic stress disorder. AR 991. Despite these impairments, the ALJ found Plaintiff had the RFC between October 14, 1997, and March 21, 2023, to perform light work as described in 20 C.F.R. § 416.967(b) with certain additional limitations. AR 993.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

## II.    Standard of Review

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.    Discussion

Plaintiff contends the ALJ erred by failing to properly assess: Plaintiff's need for an assistive device and application of the Listings at step three of the sequential evaluation, Plaintiff's headaches and brain disorder, Plaintiff's testimony about the severity of her symptoms, medical opinion evidence in the record, and job data at step five. Dkt. 11. Plaintiff argues the proper remedy for the ALJ's errors is remand for an award of benefits for the limited period between the application date of March 22, 2018, and the established date of disability, March 21, 2023. Dkt. 11 at 2, 20; Dkt. 18. Defendant concedes reversal is appropriate but argues the case should be remanded for further consideration of three unaddressed medical opinions in the record. Dkt. 17 at 2.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292; *see also Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Ninth Circuit has cautioned that "allowing the ALJ to have a mulligan" does not constitute a "useful purpose" for further administrative proceedings. *Garrison*, 759 F.3d at 1021. But "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Here, the parties agree the ALJ harmfully erred by failing to address medical opinion evidence from R.A. Padilla, DNP, and J. Yun, Ph.D., regarding Plaintiff's mental functioning.[2] *See* Dkts. 11 at 13–14; 17 at 3–4. Under the applicable regulations,[3] ALJs must consider every medical opinion or prior administrative medical finding in the record and articulate how persuasive they found each source. *See* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Had the ALJ properly evaluated these opinions, the RFC may have included additional limitations or the

---

[2] Defendant also asserts remand is necessary because the ALJ did not address medical opinion evidence from Dan V. Phan, M.D., that supported the ALJ's assessment of Plaintiff's physical functioning, but Plaintiff disputes the relevance of this opinion. Dkts. 17 at 6; 18 at 2–3.

[3] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5867–68, 5878–79 (Jan. 18, 2017). Because Plaintiff's application was filed after that date, the new regulations apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

ultimate determination of disability before March 21, 2023, may have changed. Accordingly, the Court agrees remand is appropriate.

However, the Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts and issues remain that must be resolved concerning Plaintiff's functional capabilities and ability to perform other jobs existing in significant numbers in the national economy. The resolution of these issues impacts the underlying question of Plaintiff's disability. For example, Plaintiff argues, and Defendant does not dispute, that the ALJ failed to address evidence disputing the vocational expert's testimony, on which the ALJ relied at step five of the sequential evaluation. Dkts. 11 at 6–7; 17; 18 at 4–5. It is unclear from the record whether a person with Plaintiff's limitations could perform other jobs existing in significant numbers in the national economy. Therefore, remand for further administrative proceedings is appropriate.

On remand, the ALJ must re-evaluate the entire sequential evaluation process, including all medical opinion evidence and Plaintiff's testimony to determine whether Plaintiff was disabled between October 14, 1997, and March 21, 2023.[4] *See* Social Security Ruling 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"); *Watson v. Astrue*, No. ED CV 09-1447, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two

---

[4] Although Plaintiff asked this Court to award benefits as of the application date, March 22, 2018, she does not appear to have amended her alleged disability onset date, and thus reconsideration of the full period at issue is appropriate on remand.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 5

physicians' findings). The Commissioner may not disturb the finding that Plaintiff was disabled as of March 21, 2023.

**IV.    Conclusion**

Based on the foregoing reasons, the Court accepts Defendant's concession that the ALJ improperly concluded Plaintiff was not disabled before March 21, 2023. Accordingly, Defendant's decision to deny benefits before that date is reversed, and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 12th day of February, 2026.

_____
David W. Christel
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6